# United States Court of Appeals
### For the Eighth Circuit

_____

No. 23-3570
_____

United States of America

*Plaintiff - Appellee*

v.

Deveon Jamear Smith

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Central
_____

Submitted: September 23, 2024
Filed: January 3, 2025
[Unpublished]
_____

Before COLLOTON, Chief Judge, LOKEN and SHEPHERD, Circuit Judges.
_____

PER CURIAM.

Deveon Smith entered a conditional guilty plea to one count of being an unlawful drug user in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(3) and 924(a)(8), pursuant to a plea agreement which reserved Smith's right to appeal

the district court's[1] denial of his motion to dismiss the indictment. The district court sentenced Smith to 57 months' imprisonment, followed by 3 years of supervised release. Smith appeals, asserting that the district court erred in denying his motion to dismiss the indictment based on New York State Rifle & Pistol Ass'n v. Bruen, 597 U.S. 1 (2022). Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Smith was indicted following a traffic stop where officers recovered marijuana and a loaded handgun belonging to Smith. Smith filed a motion to dismiss the indictment, arguing that § 922(g)(3) was facially invalid in light of the Supreme Court's ruling in Bruen. The district court denied the motion, concluding that Bruen did not render § 922(g)(3) unconstitutional, and determining that while § 922(g)(3) implicated protected Second Amendment conduct, it "is consistent with this Nation's historical tradition of firearm regulation." After the denial of his motion to dismiss the indictment, Smith pled guilty pursuant to a conditional plea agreement that specifically preserved his right to appeal that denial. Over two months after entering his guilty plea, Smith filed a motion to reconsider the order denying his motion to dismiss the indictment, which, for the first time, mentioned an as-applied challenge to § 922(g)(3). The district court denied the motion via a text order without additional comment. Thereafter, the district court sentenced Smith to 57 months' imprisonment with supervised release to follow.

Smith now appeals, asserting that the district court erred in denying the motion to dismiss the indictment as to both a facial and an as-applied challenge to § 922(g)(3). We review the denial of a motion to dismiss the indictment de novo. United States v. Sitladeen, 64 F.4th 978, 983 (8th Cir. 2023). Both of Smith's claims are without merit. First, with respect to the facial challenge, this Court has recently rejected the same argument. See United States v. Veasley, 98 F.4th 906, 918 (8th Cir. 2024) (rejecting facial challenge to § 922(g)(3) based on Bruen). Further, the recent Supreme Court opinion in United States v. Rahimi, 602 U.S. 680, 690 (2024),

---

[1] The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

does not call into question the validity of that holding.  See id. (finding 18 U.S.C. § 922(g)(8), which prohibits individuals subject to domestic violence restraining orders from possessing firearms, facially constitutional in light of history and tradition of disarming those "who threaten physical harm to others from misusing firearms").

Second, with respect to Smith's as-applied challenge, such challenge does not survive a guilty plea, United States v. Seay, 620 F.3d 919, 922 n.3 (8th Cir. 2010), and Smith failed to preserve this challenge in his conditional guilty plea.  The plea agreement specifically "preserve[d] the right to appeal the Court's denial of Defendant's Motion to Dismiss, entered on June 20, 2023."  It made no mention—and indeed could not—of the order denying the motion for reconsideration that was not filed until *after* Smith entered his guilty plea.  Rule 11(a)(2) of the Federal Rules of Criminal Procedure requires that the defendant "reserv[e] in writing the right to have an appellate court review an adverse determination of a *specified pretrial motion.*" (emphasis added).  The motion for reconsideration, which was the only vehicle by which he raised his as-applied challenge, was not a pretrial motion.  As such, Smith waived his right to assert an as-applied challenge on appeal.  See United States v. Patton, 535 F.3d 829, 835 (8th Cir. 2008) (concluding defendant waived right to appeal a suppression issue when plea agreement specified different suppression issue as preserved for appeal).

For the foregoing reasons, we affirm the judgment of the district court.

_____